**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED CLERK
2011 MAR 14 PM 12:38
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

-----------------------------------------------------------x

BENILA HEYWOOD,

                    Plaintiff         COMPLAINT

        -against-

THE CITY OF NEW YORK, DETECTIVE
MANUEL RODRIGUEZ, Shield No. 7147,
DETECTIVE JOSEPH ALOHAN, Shield No.
25188, DETECTIVE ROBERT SIMMS, Shield
No.: 3535, and JOHN DOES 1 through 4, Individually,
and in their official capacities (the names John Doe being
fictitious, as the true names are Presently unknown,

                    Defendants.
-----------------------------------------------------------x

CV11-1183
PLAINTIFF DEMANDS
TRIAL BY JURY

WEINSTEIN, J.

LEVY, M.J.

      Plaintiff BENILA HEYWOOD, by her attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.§§ 1983 and 1988 for violation of the minor plaintiff's civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

    2.    The action is brought pursuant to 42 U.S.§§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6. Plaintiff is a legal resident of the United States and a resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YROK maintains the New York city Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable section of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the defendants, MANUEL RODRIGUEZ, JOSEPH ALOHAN, ROBERT SIMMS and JOHN DOES 1 Through 4 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On July 9, 2010 at approximately 8 P.M., the plaintiff, age 54, was lawfully at the vicinity of New York Avenue and Foster Avenue, Brooklyn, New York.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff, handcuffed her and thereafter battered, assaulted and arrested her. During the course of this incident, after being forcibly handcuffed, plaintiff was pushed, and manhandled. Plaintiff was taken in handcuffs to the 67th Precinct and then transported to Downstate Medical Center was handcuffed to a hospital bed for four (4) days. Thereafter on July 13, 2010 plaintiff was taken to the Brooklyn Criminal Court and falsely charged with Menacing in the Second Degree; Obstructing Governmental Administration in the Second Degree; Resisting Arrest; Criminal Possession of a Weapon in the Fourth Degree; Attempted Assault in the Third Degree, Menacing in the Third Degree and Disorderly Conduct. After appearing before a Judge of the Criminal Court

plaintiff was released at 8:15 P.M. on her own recognizance. After making several appearances in Kings County Criminal Court on the false and perjured petition of the defendant Police Officers, all charges against plaintiff were dismissed on the merits on October 13, 2010.

15. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injury, including contusions and abrasions to face and body, acute myocardial infarction requiring insertion of vascular stents and cardiac catheter, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C.§1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

18. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C.§1983.

19. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

22. As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
Supervisory Liability Under 42 U.S.C. §1983)

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

24. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

25. As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene Under 42 U.S.C. §1983)

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

28. The defendants failed to intervene to prevent the unlawful conduct described herein.

29. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was assaulted and battered, put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force Under 42 U.S.C. §1983)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The defendants unlawfully used excessive force against the plaintiff without justification.

32. As a result of the foregoing, plaintiff was deprived of her Fourth and Fourteenth Amendment rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
(False Arrest Under 42 U.S.C. §1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The defendants unlawfully arrested the plaintiff against her will without probable cause.

35. As a result of the foregoing, plaintiff was deprived of her Fourth and Fourteenth Amendment rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process Under 42 U.S.C. §1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants maliciously abused criminal process by causing plaintiff to be prosecuted in order to cover up their abuse of authority.

38. Defendants caused plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their unlawful acts.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution Under 42 U.S.C. §1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced and continued a malicious prosecution against the plaintiff by providing false and/or misleading information to the Brooklyn District Attorney's Office.

41. Defendants caused plaintiff to be prosecuted until October 13, 2010, when all charges were dismissed.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability Under 42 U.S.C. §1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against African-Americans by the NYPD. In Addition, the

City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KHAMIR GRANT's rights as described herein. As a result of the failure of the city of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KHAMIR GRANT.

46. The foregoing customs, policies, usages practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

48. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully stopped, seized, assaulted, battered, detained and incarcerated.

49. Defendants, collectively and individually, while acting under color of State law, were directly and actively involved in violating plaintiff's constitutional rights.

50. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest, abuse of process, and malicious prosecution;

    C. To be free from assault and battery;

    D. To be free from the use of excessive force and/or the failure to intervene.

51. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental state Law Claims

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

54. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

55. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

56. Plaintiff has complied with all conditions precedent to maintaining the instant action.

57. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest Under the Laws of the State of New York)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Plaintiff was arrested and held against her will in police custody handcuffed to a hospital bed for four days, after which she was taken to Central Booking in Brooklyn, New York.

60. As a result of the aforementioned conduct, plaintiff was unlawfully detained in violation of the laws of the State of New York.

### AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Abuse of Process Under the Laws of the State of New York)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants maliciously abused criminal process by causing plaintiff to be prosecuted in order to cover up their abuse of authority and unlawful acts.

63. Defendants caused plaintiff to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Prosecution Under the Laws of the State of New York)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

66. Defendants caused plaintiff to be prosecuted in the absence of probable cause and to do so until the charges were dismissed on or about October 13, 2010.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault and Battery Under the Laws of the State of New York)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. The plaintiff was assaulted and battered by the individual defendants without any justification.

69. As a result of the aforementioned conduct of the defendants, plaintiff suffered physical and emotional injuries.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring and Retention Under the Laws of the State of New York)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

72. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision Under the Laws of the State of New York)

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(Negligence Under the Laws of the State of New York)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* Under the Laws of the State of New York)

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

79. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff demands judgment and pray for the following relief, jointly and severally, against the defendants:

A. Full and fair compensatory damages in an amount to be determined by a jury;

B. Punitive damages in an amount to be determined by a jury;

C.  Reasonable attorney's fees and the costs and disbursements of this action; and

D.  Such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       February 28, 2011

                                    _____
                                    EDWARD FRIEDMAN (EDF 4000)
                                    Attorney for Plaintiff

                                    26 Court Street – Suite 1903
                                    Brooklyn, New York  11242
                                    (718) 852-8849